CATIA G. SARAIVA, ESQ. / SBN: 232479
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA LACEY, | Case No.: |
| Plaintiff, | **COMPLAINT FOR PERSONAL INJURIES** |
| v. | |
| WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART STORES #1903, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff CRISTINA LACEY complains of Defendants WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART STORES #1903, and DOES 1 through 50, and each of them, and alleges as follows:

**DEMAND FOR JURY TRIAL**

Pursuant to 28 U.S.C. § 2402 Plaintiff demands a jury trial.

**JURISDICTION AND VENUE**

Pursuant to 28 U.S. Code § 1332(a)(1), the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

///

///

-1-
**COMPLAINT FOR PERSONAL INJURIES**

## GENERAL ALLEGATIONS APPLICABLE TO EACH CAUSE OF ACTION

**I.**

That the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, DOES 1 through 50, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants, DOES 1 through 50, are responsible under law in some manner negligently, in warranty, strictly, or otherwise for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiff as herein alleged.

**II.**

That Plaintiff was at the time of the incident which is the subject of this action, a citizen of and resident of the County of Sutter, within the State of California, the subject accident occurred in the County of Sutter, State of California, and the amount in controversy is in excess of the minimum jurisdiction of an unlimited civil action.

**III.**

At all times herein mentioned, Defendant WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART STORES #1903, was, and is now, a corporation doing business in the County of Sutter, State of California. The accident which is the subject of this action occurred in Sutter County, California.

**IV.**

Plaintiff is informed and believes and upon said information and belief alleges that at all times mentioned herein, Defendants and DOES, and each of them, were the owners, occupants, lessors, in possession of, and/or had custody and control over the real property, of WAL-MART STORES, INC., specifically the premises located at 1150 Harter Parkway, Yuba City, California, County of Sutter, California.

**V.**

That Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants WAL-MART STORES, INC., and DOES, and each of them, were the

**COMPLAINT FOR PERSONAL INJURIES**

principals and/or employers of each other, and in acting, or failing to act, as alleged herein, said Defendants, and each of them, were acting within the course and scope of said agency, employment or contractual relationship, and with the permission, knowledge and consent of each of the remaining Defendants.

**VI.**

Plaintiff is informed and believes and upon said information and belief alleges that at all times herein mentioned, Defendants WAL-MART STORES, INC., and DOES, and each of them, were responsible for the design, construction, maintenance, control, condition, management, hiring, and supervision of WAL-MART STORES, INC., specifically the premises located at 1150 Harter Parkway, Yuba City, California, County of Sutter, California.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE – PREMISES LIABILITY**

(Plaintiff CRISTINA LACEY as to Defendants WAL-MART STORES, INC., and

DOES 1 through 50, and each of them.)

**VII.**

That on or about March 15, 2020, Plaintiff CRISTINA LACEY was lawfully on the premises described herein above, located at 1150 Harter Parkway, Yuba City, California, County of Sutter, State of California. While Plaintiff CRISTINA LACEY was walking on the floor of said premises she slipped and fell, causing injury and damages to Plaintiff. Said floor surface had been negligently assembled, marked, labeled, managed, inspected, maintained, repaired and/or lighted by Defendants WAL-MART STORES, INC., and DOES, and each of them, thereby creating a dangerous condition on said property. Plaintiff is informed and believes and on that basis alleges that the dangerous condition on the floor was created by agents or employees of WAL-MART STORES, INC. and DOES. Said agents and /or employees with knowledge of the condition of the flooring surface, left the area without first ensuring the flooring surface was safe, or that sufficient warnings were in place to alert those lawfully on the premises as to the dangerous condition. The floor surface was not properly maintained, inspected, monitored, managed, which constituted an unreasonable danger to persons, including Plaintiff, who were lawfully using the walkway/floor surface. As a result of a dangerous condition on the property, Plaintiff CRISTINA

-3-
**COMPLAINT FOR PERSONAL INJURIES**

LACEY slipped and fell, causing injuries and damages to Plaintiff.

**VIII.**

At all times mentioned herein, Plaintiff is informed and believes that Defendants WAL-MART STORES, INC., and DOES, and each of them, directed, managed, supervised, or was otherwise responsible for the placement, design, construction, inspection, repair and/or maintenance of said walkway/floor surface, and that Defendants' negligent placement, design, construction, inspection, supervision, hiring, repair and/or maintenance resulted in a dangerous condition on the property.

**IX.**

At all times mentioned herein, Defendants WAL-MART STORES, INC., and DOES, and each of them, had a duty to maintain the property in a safe manner so as to avoid exposing Plaintiff to an unreasonable risk of harm, and to an unreasonably dangerous condition of their property. Defendants had a duty to maintain the common walking areas of the premises in a reasonably safe manner, and to warn of the unreasonably dangerous condition on their property. Defendants WAL-MART STORES INC., and DOES, and each of them, breached said duties and failed to do so in that they created the condition, knew or should have known of the dangerous condition of the floor surface, failed to warn of the condition, and/or failed to make the condition reasonably safe. As a direct and legal result of the negligence of Defendants WAL-MART STORES, INC., and DOES, and each of them, Plaintiff CRISTINA LACEY suffered injuries and damages.

**X.**

That at said time and place, Defendants WAL-MART STORES, INC., and DOES, and each of them, negligently owned, constructed, repaired, designed, inspected, maintained, supervised and/or managed the premises herein described in such a manner as to allow the premises to exist in a dangerous, defective, and hazardous condition in an area allowed for usage of persons lawfully upon the premises., including customers such as Plaintiff.

///
///
///

**COMPLAINT FOR PERSONAL INJURIES**

**XI.**

That at said time and place Defendants WAL-MART STORES, INC., and DOES, and each of them, created the dangerous condition and/or the condition had existed for such a length of time that it should have been discovered through reasonable inspection. Defendants WAL-MART STORES, INC., and DOES, and each of them, had actual and/or constructive notice of the hereinabove described hazardous condition with a sufficient amount of time to have taken precautions to prevent Plaintiff's injuries.

**XII.**

As a proximate result of the said negligence of Defendants WAL-MART STORES, INC., and DOES, and each of them, Plaintiff was hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's general damages all in excess of the minimum jurisdiction of an unlimited civil action, the exact amount according to proof. Plaintiff is entitled to prejudgment interest on that amount in accordance with Civil Code Section 3291.

**XIII.**

As a further proximate result of said negligence of Defendants WAL-MART STORES, INC., and DOES, and each of them, Plaintiff was required to incur, and will in the future incur, medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time. Plaintiff seeks recovery of said expenses in an amount according to proof. Plaintiff is entitled to prejudgment interest on that amount in accordance with Civil Code section 3291.

**XIV.**

As a further and proximate result of the said negligence of Defendants WAL-MART STORES, INC. and DOES, and each of them, Plaintiff was prevented from attending Plaintiff's usual occupation and is informed and believes and thereon alleges that Plaintiff will thereby be prevented from attending to said usual occupation for a period of time in the future. Plaintiff is

**COMPLAINT FOR PERSONAL INJURIES**

entitled to prejudgment interest on that amount in accordance with Civil Code Section 3291.

**WHEREFORE**, Plaintiff CRISTINA LACEY prays for judgment against Defendants WAL-MART STORES, INC., and DOES 1 through 50, and each of them, for:

1. General damages in excess of the minimum jurisdiction for an unlimited civil case, the exact amount according to proof;
2. For all medical and incidental expenses according to proof;
3. For lost income and earning capacity according to proof;
4. Prejudgment interest according to law on all general and special damages;
5. All costs of suit; and
6. Such other and further relief as this court may deem just and proper.

DATED: 1/8/2021 **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: */s/ Catia G. Saraiva*
CATIA G. SARAIVA

COMPLAINT FOR PERSONAL INJURIES