CATIA G. SARAIVA, ESQ. / SBN: 232479
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone:  (916) 379-3500
Facsimile:  (916) 379-3599
DBBWC-ESERVICE@DBBWC.COM

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA LACEY, | Case No.: 2:21-cv-00043-TLN-AC |
| Plaintiff, | **STIPULATION AND ORDER MODIFYING THE NOVEMBER 23, 2021 ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART STORES #1903, and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | **Judge:  Troy L. Nunley** |

Pursuant to Local Rules 143 and 144 and for good cause, Plaintiff and Defendant, in this action, stipulate and agree to modify the current Pretrial Scheduling Order dated November 23, 2021.  The parties, through their respective counsel, state as follows:

1. Under the current Scheduling Order non-expert discovery is due to be completed by August 15, 2022.  The parties are actively engaging in discovery in a good faith effort to complete discovery in a timely manner.  The initial written discovery was propounded by both parties, Defendant produced records and video surveillance of the incident in March 2021.  Plaintiff's deposition was taken on April 27, 2021.  Plaintiff has taken three Defendant employee depositions, with two additional Defendant employee depositions currently scheduled for the coming weeks.  There are additional Defendant PMQ depositions that need to be scheduled pending Defendant providing Plaintiff's counsel of their availability.  Plaintiff has made attempts to take the deposition

---
-1-
**STIPULATION AND ORDER MODIFYING THE NOVEMBER 23, 2021, ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER**

of one of Defendant's Asset Protection Managers, Yvette Fain. However, Ms. Fain has been out on leave and her exact return date is unknown. The parties are currently meeting and conferring as to additional documents / training videos referenced in Defendant's policies and procedures.

2. Further, the parties want the opportunity and have agreed to submit this matter to mediation. The parties have selected a Mediator, Michael Ornstil with JAMS. The Mediator's first available date is not until November, 2022.

3. Additionally, to date, Plaintiff has undergone two lumbar surgeries, for injuries related to the subject incident and continues with treatment. Plaintiff recently underwent a right sidce, SI Joint Ablation procedure in mid-June 2022. Plaintiff still needs to have an SI Ablation Procedure in the left side, which will be scheduled once Plaintiff recovers from the first ablation. Defendant does not stipulate that Plaintiff's injuries, treatment, or surgeries were caused by the subject incident. Plaintiff's first lumbar surgery was in November 2020 by surgeon Dmitri A. Sofianos in Springfield, Georgia. Plaintiff's second lumbar surgery was in June 2021 by surgeon Dmitri A. Sofianos in Springfield, Georgia. Unfortunately, following the most recent 2021 lumbar surgery, Plaintiff continues to experience lumbar pain, from her waist down into hips, leg, right foot, with restless leg symptoms. An updated MRI was obtained on September 21, 2021 and in early November 2021 Plaintiff underwent hip injections. In early November 2021 appointment, Plaintiff's treating healthcare professionals in Georgia now suspect Plaintiff also has a sacroiliac (SI) injury that needed to be addressed. In mid-June, 2022, Plaintiff had ablation of the sacroiliac joint for the right side. She will need to schedule the ablation for the left side once she recovers from the first ablation procedure. As such, Plaintiff's prognosis and Plaintiff's future medical care needs are unclear. Defendant does not stipulate that Plaintiff's injuries, surgeries, or future medical care were caused by the subject incident.

4. Defendant would like to schedule a defense medical examination of Plaintiff and is currently working on getting a physician to fly to Georgia to perform said examination.

5. As such, in addition to the status of the ongoing discovery in this case as outlined above, due to Plaintiff's ongoing treatment and unclear prognosis and future medical care needs, the parties are requesting the Court modify the November 23, 2021 Order Modifying the Initial

Pretrial Scheduling Order, as it has become evident to the parties that additional time will be needed to: complete non-expert discovery currently due on August 15, 2022, before the parties can prepare their initial expert witness disclosures, which are currently due to be filed on October 17, 2022.  Additionally, the Initial Pretrial Scheduling Order should be modified to afford the parties sufficient time to mediate the case in good faith with Mediator, Michael Ornstil with JAMS and to afford Defendant the time to conduct a Defense Medical Exam of Plaintiff in Georgia.

6. Consequently, there is also insufficient time under the current Scheduling Order for preparation of rebuttal expert witness disclosures by November 16, 2022.

7. Pursuant to Local Rule 144(b), the parties have previously sought and obtained one extension of the pretrial dates in this matter.

8. The Final Pretrial Conference and Trial have not been set in this matter.

9. THEREFORE, THE PARTIES STIPULATE AND AGREE to seek the following modifications of the November 21, 2021 Order Modifying the Initial Pretrial Scheduling Order:

| Event | Current Date | Proposed Date |
|---|---|---|
| Discovery Cutoff (non-expert) | August 15, 2022 | **January 13, 2023** |
| Initial Expert Witness Disclosure | October 17, 2022 | **April 14, 2023** |
| Supplemental / Rebuttal Expert Disclosure | November 16, 2022 | **May 15, 2023** |
| File Joint Notice of Trial Readiness | December 14, 2022 | **June 15, 2023** |
| Last Day to File Dispositive Motions | February 15, 2023 | **August 15, 2023** |
| Expert Discovery Cutoff | None | |

-3-
**STIPULATION AND ORDER MODIFYING THE NOVEMBER 23, 2021, ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER**

For each of the foregoing reasons, the parties agree and respectfully submit that good cause exists for the Court to modify the November 21, 2021 Order Modifying the Initial Pretrial Scheduling Order to provide the parties sufficient time to disclose expert and rebuttal expert witnesses, to prepare expert reports, to afford the parties an opportunity to mediate this case, and to adequately conduct the remaining nonexpert discovery necessary to prosecute and defend this matter.

DATED: July 13, 2022　　　　　**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: */s/ Catia G. Saraiva*
　　CATIA G. SARAIVA
　　Attorneys for Plaintiff

DATED: July 13, 2022　　　　　**PORTER SCOTT**

By: */S/ Cassandra J. Ninke (As Approved on 7/13/22)*
　　CASSANDRA J. NINKE
　　Attorneys for Defendant

## ORDER

**IT IS SO ORDERED**, that the Initial Pretrial Scheduling Order is modified as follows:

1. Discovery cutoff (*except* expert discovery) shall be completed by January 13, 2023;
2. Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert disclosure requirements on or before April 14, 2023;
3. The time for any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) shall be May 15, 2023;
4. File Joint Notice of Trial Readiness by June 15, 2023; and
5. File dispositive motions by August 15, 2023.

DATED: July 14, 2022

Troy L. Nunley
United States District Judge

*Lacey v. Wal-Mart Stores, Inc.*