STEVEN M. CAMPORA, ESQ. / SBN: 110909
CATIA G. SARAIVA, ESQ. / SBN: 232479
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone:  (916) 379-3500
Facsimile:  (916) 379-3599
DBBWC-ESERVICE@DBBWC.COM

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA LACEY,<br><br>  Plaintiff,<br><br>  v.<br><br>WAL-MART STORES, INC., a Delaware Corporation dba WAL-MART STORES #1903, and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: 2:21-cv-00043-TLN-AC<br><br>**STIPULATION AND ORDER MODIFYING THE JULY 14, 2022 [DOCUMENT 14] ORDER MODIFYING INITIAL PRETRIAL SCHEDULING ORDER**<br><br>**Judge:  Troy L. Nunley** |

Pursuant to Local Rules 143 and 144 and for good cause, Plaintiff and Defendant, in this action, stipulate and agree to modify the current Pretrial Scheduling Order dated July 14, 2022. The parties, through their respective counsel, state as follows:

1.   Under the current Scheduling Order of July 14, 2022, the non-expert discovery deadline was January 13, 2023.  On January 5, 2023, the parties mediated this case before mediator Michael Ornstil, Esq.  Mediation concluded with a mediator's proposal from Mr. Ornstil and the parties were given until January 23, 2023 to provide a response to the mediator's proposal. During that time, the parties agreed to stay all pending discovery.  Ultimately, the case did not settle, and while the parties are continuing to discuss the prospect of settlement, the parties are also working to get the discovery necessary to posture this case for trial back on calendar and completed.

-1-
**STIPULATION AND ORDER MODIFYING THE JULY 14, 2022 ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER**

2. Specifically, a second round of written discovery propounded by the Defendant to Plaintiff and three employee depositions, including a Person Most Qualified deposition, noticed by Plaintiff were paused while the parties contemplated the mediator's proposal. In addition, Plaintiff's counsel was only able to complete the deposition of WAL-MART's Asset Protection Assistant Manager, Yvette Fain, just prior to the January 5, 2023 mediation, on January 3, 2023 because Ms. Fain was on a medical leave of absence for approximately one year (from October 2021 through October 2022). Ms. Fain's deposition testimony revealed facts that Plaintiff's counsel believes are relevant to liability and that Plaintiff's counsel wishes to further investigate.

3. The parties are currently in the process of meeting and conferring regarding the written discovery propounded by the Defendant and the depositions noticed by Plaintiff so that the parties can complete discovery in a timely manner. However, counsel's trial calendars are severely impacted due many trials being continued during the Covid-19 pandemic and this has impacted the party's ability to timely complete discovery.

4. In addition to the foregoing, Plaintiff Cristina Lacey has recently been referred by her treating doctors in Georgia to a specialist for a spinal cord stimulator trial and if the trial period is successful a spinal cord stimulator surgical implantation. As such, Ms. Lacey's medical prognosis remains uncertain, and it would be premature and prejudicial to force Plaintiff to try the case at this juncture without the ability to ascertain what her future medical prognosis will be.

5. Given the foregoing discovery that the parties require additional time to complete coupled with Plaintiff's ongoing medical treatment and uncertain medical prognosis, the parties are requesting the Court modify the July 14, 2022 Order Modifying the Initial Pretrial Scheduling Order, as it has become evident to the parties that additional time will be needed to: complete non-expert discovery before the parties can prepare their initial expert witness disclosures, which are currently due to be filed on April 14, 2023.

6. Consequently, there is also insufficient time under the current Scheduling Order for preparation of rebuttal expert witness disclosures by May 15, 2023.

7. Pursuant to Local Rule 144(b), the parties have previously sought and obtained two extensions of the pretrial dates in this matter.

8. The Final Pretrial Conference and Trial have not been set in this matter.

**THEREFORE, THE PARTIES STIPULATE AND AGREE** to seek the following modifications of the July 14, 2022 Order Modifying the Initial Pretrial Scheduling Order:

| Event | Current Date | Proposed Date |
|---|---|---|
| Discovery Cutoff (non-expert) | January 13, 2023 | **October 15, 2023** |
| Initial Expert Witness Disclosure | April 14, 2023 | **February 14, 2024** |
| Supplemental / Rebuttal Expert Disclosure | May 15, 2023 | **March 15, 2024** |
| File Joint Notice of Trial Readiness | June 15, 2023 | **April 15, 2024** |
| Last Day to File Dispositive Motions | August 15, 2023 | **June 15, 2024** |
| Expert Discovery Cutoff | None | |

For each of the foregoing reasons, the parties agree and respectfully submit that good cause exists for the Court to modify the July 14, 2022 Order Modifying the Initial Pretrial Scheduling Order to provide the parties sufficient time to disclose expert and rebuttal expert witnesses, to prepare expert reports, and to adequately conduct the remaining nonexpert discovery necessary to prosecute and defend this matter.

//

//

---

-3-
**STIPULATION AND ORDER MODIFYING THE JULY 14, 2022 ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER**

DATED: February 28, 2023        **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**


By: */s/ Catia G. Saraiva*
    CATIA G. SARAIVA
    Attorneys for Plaintiff


DATED: February 28, 2023        **PORTER SCOTT**


By: */s/ Cassandra J. Ninke*
    CASSANDRA J. NINKE
    Attorneys for Defendant

---

-4-
**STIPULATION AND ORDER MODIFYING THE JULY 14, 2022 ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER**

**ORDER**

**IT IS SO ORDERED**, that the July 14, 2022, Order Modifying the Initial Pretrial Scheduling Order, is modified as follows:

    1.    Discovery cutoff (*except* expert discovery) shall be completed by **October 16, 2023**.

    2.    Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert disclosure requirements on or before **February 14, 2024**;

    3.    The time for any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) shall be **March 15, 2024**;

    4.    File Joint Notice of Trial Readiness by **April 15, 2024**;

    5.    File dispositive motions by **June 14, 2024**.

DATED: February 28, 2023

Troy L. Nunley
United States District Judge

**STIPULATION AND ORDER MODIFYING THE JULY 14, 2022 ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER**